COMMONWEALTH OF MASSACHUSETTS

Supreme Judicial Court for the Commonwealth

SUFFOLK, SS. Law # 14927

In the Matter of

EDWARD J. DESAULNIER, JR.

and

VINCENT R. BROGNA

Respondents

ANSWER AND FURTHER INFORMATION

OF THE RESPONDENT BROGNA

To the Honorable the Justices of the Supreme Judicial Court:

Whereas on October 5, 1971 special Counsel to this honorable Court filed with the Court a certain Information designating Vincent R. Brogna, Justice of the Superior Court as a joint Respondent, the said Vincent R. Brogna now, without waiving his "Motion to Dismiss" and "Plea to the Jurisdiction" filed herein, but expressly relying thereon, respectfully makes answer and further informs the Court as follows:

(corresponding Paragraphs in the Information are noted in parenthesis)

1. (1–6) Paragraphs 1 through 6 of the Information are true statements. This the Respondent knows of his own personal knowledge with respect to Paragraphs 4 through 6, relating to his admission to the Massachusetts Bar, and appointment to the Superior Court.

2. (7) Paragraph 7 of the Information is to the best of the Respondent's information and belief true. The record indicates that Respondent, on September 28, 1962, heard testimony from one John F. Galligan, Cambridge Police Officer, relative to the swindle referred to in Paragraph 7. The record further shows that the said Michael Raymond pleaded guilty to the three Count indictment.

3. (8–10) Respondent agrees that the Allegations of Paragraphs 8 through 10 are true.

4. (11) Respondent has no personal knowledge of the extent of any social relationship between Nathan A. Baker and Justice DeSaulnier.

5. (12–38) The Respondent, with respect to these Paragraphs, can only state that, having been provided with certain transcript material, he is aware that there has been testimony and reported interviews in which the allegations of the Paragraphs are reported. Apart from references to the docket of the Court and the official Transcript of the Court, the truth of which he does not dispute, he cannot assist the Court as to the accuracy, veracity or reliability of that testimony, other than to inform the Court that on other occasions in the reported testimony of Michael Raymond he has made statements which are in conflict and inconsistent with the matters contained in these paragraphs.

6. (39) The Respondent admits the general accuracy of the matters contained in Paragraph 39 and further informs the Court that the official Transcript for September 10, 1962 reflects that Raymond, not having appeared on that date, Judge Brogna ordered a default and capias. That upon being advised by the Assistant District Attorney that Raymond may not have been notified, he then, at the suggestion of the Commonwealth, continued the case to September 17, 1962 with the direction that a default would then issue upon failure of Raymond to appear. (see Transcript attached and marked "I")

7. (40) The Respondent admits the accuracy of the official Transcript referred to in Paragraph 40 and marked "A" in the original information.

8. (41) The Respondent respectfully informs the Court that Judge Brogna ordered that Attorney Crotty be notified to appear on September 17, 1962 (see Appendix (A) of original Information) and that Attorney Crotty testified that he was present in Court on that date. He further informs the Court that Attorney Crotty has testified that he first filed an appearance in behalf of Raymond at the Middlesex Superior Court on September 17, 1962. A copy of the appearance is attached hereto and marked "I A". The handwritten date was placed thereon by Assistant Clerk Harold Lyons.

9. (42) The Respondent can furnish little assistance with reference to the matters referred to in Paragraph 42 other than to attach a copy of the card marked "II".

10. (43) The Respondent admits the accuracy of the official Transcript marked "B" in the original Information; however, he respectfully informs the Court as follows:
   (a) Attorney Crotty had been ordered to appear on September 17, 1962;
   (b) That Attorney Crotty has testified that he was present without his client in Court on September 17, 1962, and that
   (c) until September 17, 1962 he was unaware that Judge Brogna was sitting in that First Criminal Session, and that
   (d) he went to Court on that date for the sole purpose of seeking a continuance having just been retained on Indictment #57940, and that
   (e) before the call of the criminal list on that date he either saw Judge Brogna in the lobby or he saw the Clerk and the Clerk saw Judge Brogna, or he saw the Assistant District Attorney and the Assistant District Attorney saw Judge Brogna, and that
   (f) the request for a continuance had been granted prior to the call.

11. (44) The Respondent cannot assist the Court as to the accuracy, veracity or reliability of the purported conversations between Raymond and Charles Baker other than to inform the Court that on other occasions in the reported testimony of Michael Raymond,

he has made statements which are in conflict and inconsistent with the statements attributed to him in Paragraph 44.

12. (45) The Respondent admits the truth of the matters contained in the first sentence of Paragraph 45 and further informs the Court that:

   (a) Judge Brogna was assigned to and did sit in the Second Middlesex Criminal session (the only felony session) throughout the entire month of June 1962;

   (b) that his annual schedule of assignments showed him "TBA", (to be assigned), for September, 1962.

The Respondent respectfully suggests that contrary to the allegation contained in Paragraph 45, the Annual Schedule of Assignments, published in December for the coming year, is widely circulated and is available to all persons interested in Superior Court activities and personnel.

The Annual schedule of judicial assignments for the year 1962 indicates the assignment of judges other than Judge Brogna to all Middlesex Criminal sessions for the months of September, October, November and December, 1962.

13. (46–49) The Respondent is unable to assist the Court with reference to any of the matters contained in Paragraphs 46 through 49. He has no knowledge of any of the events or statements alleged therein.

14. (50) The Respondent admits the accuracy of the official transcript and attaches a copy hereto marked "III".

15. (51–56) The Respondent is unable to assist the Court with reference to the matters and conversations alleged in Paragraphs numbered 51 through 56 other than to state that at no time on September 27, 1962 or on any other date did he have contact in any fashion with Judge DeSaulnier, Charles or Nathan Baker or any person acting in their behalf with regard to any aspect of the Raymond case. With reference to Paragraph #54 the attention of the Court is directed to General Laws, Chapter 279, Section 1 making a probationary period a necessary adjunct to a suspended sentence.

16. (57) The Respondent admits the accuracy of the official Transcript and further informs the Court that On September 27, 1962, following the disposition of several cases, he resumed taking evidence in a trial which had commenced on September 25, 1962. That trial continued until 4:00 P.M., the close of the Court day.

17. (58) The Respondent admits the accuracy of the official Transcript marked "C" in the original Information. He further informs the Court that a reading of the statements of Attorney Bowmar and Attorney Crotty, and of Raymond, indicate a lobby conference prior to disposition.

18. (59–60) The respondent is unable to assist the Court with reference to the matters contained in Paragraphs numbered 59 and 60.

19. (61) The Respondent admits the truth of the allegation contained in Paragraph 61, and further informs the Court that the application

Matter of DeSaulnier (No. 4).

for probation transfer is dated October 9, 1962 and was approved by a Superior Court Judge other than the respondent.

20. (62–66) The Respondent is unable to assist the Court with reference to the matters alleged in Paragraphs 62 through 65, other than to inform the Court that none of those matters were officially or unofficially called to his attention at any time.

And the Respondent further respectfully informs the Court that his reading of available transcript material leaves with him an abiding conviction that his handling of the Raymond case was a proper and routine disposition.

He feels he acted in the best interest of the Commonwealth and of the parties before him, giving consideration to the victims of Raymond's swindle and placing due weight upon the recommendation of the office of the District Attorney.

He was never approached nor contacted by Judge Edward J. DeSaulnier, Jr., Charles or Nathan Baker, nor any person not legitimately connected with the matter.

By his Attorney,
ROBERT V. MULKERN.

Matter of DeSaulnier (No. 4).

Transcript "I"

Hearing in the case of Commonwealth v. Michael Raymond, Middlesex County No. 57940, September 10, 1962, Brogna, J., presiding; Joseph Neylon and John Bowers, Assistant District Attorneys, appearing for the Commonwealth; James Morelli, Esq., appearing for the defendant:

THE CLERK: 57940, Michael J. Raymond. Mr. Morelli.

MR. BOWERS: Mr. Morelli called, your Honor. He begs the Court's indulgence and says he will be here at 11 sharp.

THE CLERK: Stand.

[Other matters called and discussed.]

THE CLERK: 57960, Michael J. Raymond. Mr. Morelli.

MR. NEYLON: If your Honor please, this noontime, before the noon recess, Mr. Morelli asked me to inform the Court that it was his intention to withdraw his appearance.

MR. LAWLOR [Probation officer]: May I inform your Honor? Michael J. Raymond, this Raymond has had several attorneys. Each time his case is called he gets another attorney and he doesn't even pay up. He is a New York man. He has a new indictment coming in the September term.

MR. NEYLON: This past week.

MR. LAWLOR: Whether this is a new indictment or not I don't — He has had several attorneys and each time his case is called the attorneys withdraw or something else. It amounts to a lot of money. It is a swindle, I guess, of thousands of dollars from an elderly person.

THE COURT: Is he here?

MR. NEYLON: I haven't seen him. I have not seen him here, your Honor.

THE COURT: Call him in default and capias, and what's he under, surety bond?

THE CLERK: I might state on May 28th of '62 continued until June 8, '62, no further continuances, by order of Pecce, J.

MR. NEYLON: At that time there was a switch of attorneys.

THE COURT: Has he been notified this was on for today?

THE CLERK: Morelli has, sir. I might state there was Paul Smith, James O'Donovan, Jim Morelli.

MR. BOWERS: This has been an unusual case, your Honor.

THE CLERK: All different appearances, your Honor.

THE COURT: Has the defendant himself been notified to appear today?

MR. BOWERS: I honestly can't answer that, your Honor. I talked to Mr. Morelli. Mr. Morelli said he would notify him, but it is questionable whether he could reach Mr. Raymond.

THE COURT: You people have got an address for him?

MR. LAWLOR: We have an address in New York, your Honor.

MR. BOWERS: I think it is a bad one. Set up a date next Monday, and if he didn't show up default and capias?

THE COURT: Notify him at that address. Set up for next week. Monday is all right. If he doesn't appear, then we will default him.

MR. BOWERS: All right, your Honor, thank you.

THE CLERK: Continued until September 17.

TRANSCRIPT "III"

Hearing in the case of Commonwealth *v.* Michael Raymond, Middlesex County Nos. 57940 and 65677, September 27, 1962, Brogna, J., presiding; Richard G. Crotty, Esq., appearing for the defendant:

THE CLERK: 57940, 65677, Michael Raymond. Mr. Crotty.

MR. CROTTY: That case, your Honor, I request that it stand for the moment that I may confer.

THE COURT: Examination?

MR. CROTTY: Yes, your Honor.

THE CLERK: Examination.